js-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE WAYNE BAILEY, | ) | No. ED CV 17-2017-JFW (PLA) |
| Petitioner, | ) | **ORDER SUMMARILY DISMISSING HABEAS PETITION FOR FAILURE TO PROSECUTE AND TO FOLLOW COURT ORDERS** |
| v. | ) | |
| UNKNOWN, et al., | ) | |
| Respondent. | ) | |

**I.**

**BACKGROUND**

On October 6, 2017, the Magistrate Judge construed the document submitted to the Court by petitioner on October 3, 2017, as an attempt to file a petition for writ of habeas corpus by a person in state custody ("Petition"). (ECF No. 4). Finding that the Petition suffered from multiple deficiencies, the Magistrate Judge ordered petitioner, no later than November 6, 2017, to file an Amended Petition using the proper § 2254 form petition, clearly indicating whether he had exhausted his claims in the California Supreme Court, and naming the proper respondent. (Id.). The Magistrate Judge advised petitioner that if he did not timely file a First Amended Petition on the proper Central District form, he would recommend dismissal of the action for failure to prosecute and failure to comply with that Order, and/or as unexhausted, and/or for lack of jurisdiction for failure to name a

proper respondent. (Id.). On November 30, 2017, when petitioner had not responded to the Magistrate Judge's October 6, 2017, Order, the Magistrate Judge gave petitioner to no later than December 21, 2017, to submit a First Amended Petition, or a request to dismiss this action, and again advised petitioner that if neither form was timely received, the Magistrate Judge would recommend dismissal of this action for failure to prosecute and failure to comply with that Order, and/or as unexhausted, and/or for lack of jurisdiction for failure to name a proper respondent. (ECF No. 8).

On December 11, 2017, petitioner submitted a document in which he stated that he is waiting for "disposition from the habeas corpus with the Superior Court of Orange County." (ECF No. 11). Petitioner also requested an extension of time to file his First Amended Petition ("Request"). (Id.). Noting that it appeared from petitioner's submission that petitioner may not have exhausted his claims to the California Supreme Court, on December 18, 2017, the Magistrate Judge granted petitioner's Request and again ordered that petitioner, no later than January 15, 2018, submit either a First Amended Petition demonstrating that he has exhausted his claims in the California Supreme Court, or a request to dismiss this action. (ECF No. 10). The Magistrate Judge further advised petitioner that if he failed to file a timely response to the December 18, 2017, Order, the Magistrate Judge would recommend dismissal of this action. (Id.).

As of the date of this Order, petitioner has not filed a response to the December 18, 2017, Order, and the time to do so has expired.

**II.**

**DISCUSSION**

It is well established that a district court has authority to dismiss a petitioner's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik

v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss this action due to petitioner's failure to prosecute or to comply with court orders, the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (citation and internal quotation marks omitted); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Petitioner's failure to respond to the Magistrate Judge's December 18, 2017, Order hinders the Court's ability to move this case toward disposition and indicates that petitioner does not intend to litigate this action diligently.

The third factor -- prejudice to respondents -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. However, the Magistrate Judge screened the allegations in the Petition and informed petitioner on more than one occasion that the Court appeared to lack jurisdiction to entertain the Petition because petitioner had not indicated whether he had exhausted his claims, had not used the proper Central District form for § 2254 habeas petitions, and had failed to name the proper respondent. (ECF Nos. 4, 8, 10). Moreover, despite requesting and receiving additional time to file a First Amended Petition, petitioner did not do so. It is petitioner's responsibility to move his case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). By failing to respond to the December 18, 2017, Order as ordered by the Magistrate Judge, petitioner has not discharged this responsibility.

In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh petitioner's failure to comply with court orders.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. The Magistrate Judge first attempted to avoid dismissal when he issued the October 6, 2017, Order dismissing the Petition with leave to amend, giving petitioner an opportunity to remedy the deficiencies in his October 3, 2017, Petition, as identified by the Magistrate Judge. The Magistrate Judge again attempted to avoid dismissal when he issued his November 30, 2017, Order sua sponte extending petitioner's time to respond to the October 6, 2017, Order, and again on December 18, 2017, when he granted petitioner's Request for an extension of time to respond to that Order. Nonetheless, as of the date of this Order, petitioner has failed to respond as required by the Magistrate Judge's December 18, 2017, and earlier Orders.

Taking all of the above factors into account, dismissal for failure to prosecute and to follow court orders is appropriate. Such a dismissal, however, should not be entered unless petitioner has been notified that dismissal is imminent. See W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). In this case, petitioner was cautioned about the possibility of dismissal in the Magistrate Judge's October 6, 2017, November 30, 2017, and December 18, 2017, Orders.

### III.

### **CONCLUSION**

IT IS THEREFORE ORDERED that this action is **dismissed without prejudice** for failure to prosecute and for failure to follow court orders.

DATED: February 1, 2018

_____
HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE